UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>JBI, INC.,<br>JOHN W. BORDYNUIK, and<br>RONALD BALDWIN, JR.,<br><br>Defendants. | C. A. No. 1:12-cv-10012-MLW |

### [Proposed] AMENDED FINAL JUDGMENT AS TO DEFENDANT JOHN W. BORDYNUIK

The Securities and Exchange Commission having filed a Complaint and Defendant John W. Bordynuik ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of a Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from a Final Judgment entered against him:

I.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Amended Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the

Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

- (a) to employ any device, scheme, or artifice to defraud;

- (b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

- (c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Amended Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

- (a) to employ any device, scheme, or artifice to defraud;

- (b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)   to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, successors or assigns, and all persons in active concert or participation with them who receive actual notice of this Amended Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 13a-1, 13a-11, and 12b-20 thereunder [17 C.F.R. §§ 240.13a-1, 240.13a-11, and 240.12b-20], in failing to file, in accordance with such rules and regulations as the Commission prescribes as necessary or appropriate, such information and documents as the Commission requires to keep reasonably current the information and documents required to be included in or filed with an application or registration statement filed pursuant to Section 12 of the Exchange Act[15 U.S.C. § 78l], or such annual, quarterly, or other reports as the Commission prescribes, or by failing to include, in addition to the information expressly required to be included in any statement or report filed pursuant to Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)], such further material information, if any, as may be necessary to make the required statements, in light of the circumstances under which they are made, not misleading.

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, successors or assigns, and all persons in active concert or participation with them who receive actual notice of this Amended Final

Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting violations of Sections 13(b)(2)(A) and 13(b)(2)(B) of the Exchange Act [15 U.S.C. §§ 78m(b)(2)(A) and 78m(b)(2)(B)] by:

(a) knowingly providing substantial assistance to an issuer which has a class of securities registered pursuant to Section 12 of the Exchange Act[15 U.S.C. § 78l], or that is required to file reports pursuant to Section 15 (d)) of the Exchange Act [15 U.S.C. § 78o(d)], in failing to make and keep books, records, and accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the issuer; or

(b) knowingly providing substantial assistance to an issuer which has a class of securities registered pursuant to Section 12 of the Exchange Act[15 U.S.C. § 78l], or that is required to file reports pursuant to Section 15 (d)) of the Exchange Act [15 U.S.C. § 78o(d)], in failing to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that: (i) transactions are executed in accordance with management's general or specific authorizations; (ii) transactions are recorded as necessary (A) to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements, and (B) to maintain accountability for assets; (iii) access to assets is permitted only in accordance with management's general or specific authorization; and (iv) the recorded accountability for assets is compared with the existing assets at reasonable intervals and appropriate action is taken with respect to any

differences.

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, successors or assigns, and all persons in active concert or participation with them who receive actual notice of this Amended Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 13(b)(5) of the Exchange Act [15 U.S.C. §§ 78m(b)(5)] by failing to implement a system of internal accounting controls, or by knowingly falsifying, directly or indirectly, or causing to be falsified, books, records and accounts as described in Section 13(b)(2) of the Exchange Act [15 U.S.C. §§ 78m(b)(2)(A)].

VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, successors or assigns, and all persons in active concert or participation with them who receive actual notice of this Amended Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Exchange Act Rule 13b2-1 [17 C.F.R. § 240.13b2-1] by falsifying, or causing to be falsified, any book, record or account subject to Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)].

VII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, successors or assigns, and all persons in active concert or participation with them who receive actual notice of this Amended Final

Judgment by personal service or otherwise are permanently restrained and enjoined from violating Exchange Act Rule 13b2-2 [17 C.F.R. § 240.13b2-2] by, while acting as an officer or director of an issuer, directly or indirectly making or causing to be made a materially false or misleading statement, or omitting to state or causing another person to omit to state any material fact necessary in order to make such statements true, in light of the circumstances under which such statements were made, not misleading, to an accountant in connection with (i) any audit, review or examination of the financial statements of an issuer or investment company, or (ii) the preparation or filing of any document or report required to be filed with the Commission.

VIII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, successors or assigns, and all persons in active concert or participation with them who receive actual notice of this Amended Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Exchange Act Rule 13a-14 [17 C.F.R. § 240.13a-14] by falsely signing a certification, for any periodic report required to be filed pursuant to Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)], that to the best of their knowledge, the report does not contain material misstatements or omit material information.

IX.

IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that pursuant to Section 20(e) of the Securities Act [15 U.S.C. § 77(e)] and Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)], Defendant is prohibited, for a period of five years, from acting as an officer or director of any issuer that has a class of securities registered under Section 12 of the

Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)]. The five years shall run from March 18, 2013, the date of the original Final Judgment as to Defendant John W. Bordynuik in this matter.

X.

IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that Defendant is liable for a civil penalty in the amount of $110,000 civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77(t)(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

XI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED the Consent of John W. Bordynuik, dated November 5, 2012, is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

XII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Amended Final Judgment.

XIII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is hereby ordered to enter this Amended Final Judgment forthwith and without further notice.

Dated: June 26, 2013

_____
UNITED STATES DISTRICT JUDGE